# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

MARION FITZSIMMONS,

        Plaintiff,

v.

AMERIQUEST MORTGAGE COMPANY,

        Defendant.

C.A. No. 07-40105-FDS

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendant Ameriquest Mortgage Company ("Ameriquest") by its undersigned attorneys hereby answer the Complaint brought by Plaintiffs.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1.      Paragraph 1 of the Complaint contains Plaintiffs' characterization of this action to which no responsive pleading is required.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3.      Paragraph 3 of the Complaint consists of legal conclusions to which no responsive

pleading is required.  To the extent a further response may be required, Ameriquest does not

contest the venue is proper in this district.

## PARTIES AND FACTS

### Facts Relating To Plaintiff Marion Fitzsimmons

4.      Ameriquest is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      Ameriquest admits that on or about September 23, 2004, Plaintiff George L.

Fitzsimmons became the obligor and mortgagor under a certain note and mortgage on property

located at 15 Lake Street, Leicester, Massachusetts 01524.  Ameriquest is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in

paragraph 5 of the Complaint.

6.      Ameriquest denies the allegations of paragraph 6 of the Complaint.

7.      Ameriquest admits that it received the document, a copy of which is attached as

Exhibit 1 to the Complaint and that the document speaks for itself as to its content.  Ameriquest

denies that Plaintiff Fitzsimmons has an extended right to rescission and denies that her

purported exercise of any such right is valid.  Ameriquest denies the remaining allegations set

forth in paragraph 7 of the Complaint.

8.      Ameriquest admits the allegations of paragraph 8 of the Complaint.

## DEFENDANT

9.      Ameriquest states that it is a Delaware corporation with a principal place of

business at 1100 Town & Country Road, Orange, California, 92868.  Ameriquest denies the

remaining allegations set forth in paragraph 9 of the Complaint.

10.     Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

11.     Paragraph 11 of the Complaint consists of legal conclusions to which no responsive pleading is required.  To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth-In-Lending Act ("TILA").

12.     Ameriquest denies the allegations set forth in paragraph 12 of the Complaint.

## COUNT I – TRUTH-IN-LENDING ACT

13.     Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1-12 above.

14.     Paragraph 14 consists of legal conclusions to which no responsive pleading is required.  To the extent that a further response is required, Ameriquest states that the statutes referenced in paragraph 14 speak for themselves as to their content.

15.     Paragraph 15 consists of legal conclusions to which no responsive pleading is required.  To the extent that a further response is required, Ameriquest states that the regulations referenced in paragraph 15 speak for themselves as to their content.

16.     Ameriquest denies the allegations set forth in paragraph 16 of the Complaint.

17.     Paragraph 17 consists of legal conclusions to which no responsive pleading is required.  To the extent that a further response is required, Ameriquest states that the statute referenced in paragraph 17 speaks for itself as to its content.

18.    Ameriquest denies the allegations set forth in paragraph 18 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against

Ameriquest.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred from recovering any relief by the doctrines of waiver,

estoppel and ratification for any purported claim alleged in the Complaint,.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited by the application of the doctrine of failure

to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation, by the

application of the doctrine of laches, by the doctrine of equitable subrogation and by the

application of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of frauds and/or the parol

evidence role.

## SIXTH AFFIRMATIVE DEFENSE

Any damages were the result of acts or omissions on the part of the Plaintiffs or

third parties, the actions of which Ameriquest is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

Any claims by Plaintiffs under the federal Truth-In-Lending Act, 15 U.S.C. § 1635 <u>et</u> <u>seq.</u> or the MCCDA are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations or interpretations of the Federal Reserve Board.

### EIGHTH AFFIRMATIVE DEFENSE

Any claims by Plaintiffs under the federal Truth-In-Lending Act., 15 U.S.C. § 635, <u>et</u> <u>seq.</u> or the MCCDA are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures to avoid such error.

### NINTH AFFIRMATIVE DEFENSE

Ameriquest is not liable for any claims by Plaintiffs because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

### TENTH AFFIRMATIVE DEFENSE

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

### ELEVENTH AFFIRMATIVE DEFENSE

The claim of Marion Fitzsimmons must be dismissed for failure to join an indispensable party, George L. Fitzsimmons.

WHEREFORE, Defendant Ameriquest Mortgage Company respectfully requests

that the Court:

A.     Enter judgment in its favor on all counts of the Complaint;

B.     Dismiss the Complaint with prejudice;

C.     Award Ameriquest its costs and expenses, including attorneys' fees, incurred in

this action.

D.     Grant such other relief as to the Court seems meet and just.

## COUNTERCLAIM

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the

Defendant/Counterclaimant, Ameriquest Mortgage Company ("Ameriquest") hereby brings this

Counterclaim against Plaintiff, and states:

1.     Ameriquest is a Delaware corporation with its principal place of business in

California and is qualified to do business in Rhode Island.

2.     Upon information and belief, Plaintiff Marion Fitzsimmons resides in Leicester,

Massachusetts and, on or about September 23, 2004, she obtained a residential mortgage loan

from Ameriquest in connection with property located at 15 Lake Street, Leicester,

Massachusetts.  On or about July 17, 2006, Plaintiff Fitzsimmons sent Ameriquest a letter

purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z,

§ 226.23 and MCCDA.

3.     Plaintiff has filed suit against Ameriquest alleging that Ameriquest had failed to

adequately indicate the date by which Plaintiff's rescission periods expired in connection with

the subject loans.

4.      Ameriquest has provided Plaintiff with all required disclosures with respect to the subject loans, and Plaintiff is not entitled to rescind her loan under 15 U.S.C. § 1635, Regulation Z § 226.23.

### COUNT I – DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

5.      Ameriquest repeats and realleges the allegations set forth in paragraphs 1-4 above.

6.      By virtue of Plaintiff's claim of extended rescission, an actual controversy has arisen and exists between Ameriquest and Plaintiff regarding whether she has the right to rescind the subject loans under 15 U.S.C. § 1635, Regulation Z, § 226.23 or MCCDA.

7.      Plaintiff alleges that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 and MCCDA by failing to disclose adequately the date by which Plaintiff's rights to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

8.      Ameriquest has provided Plaintiff with all required disclosures with respect to the subject loans, and Plaintiff has no basis for rescission of the loans.

9.      Ameriquest hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to the Plaintiff's letter of rescission, including, without limitation, a declaration that Plaintiff is not entitled to rescind the subject loans.

### RELIEF REQUESTED

WHEREFORE, Defendant/Counterclaimant Ameriquest Mortgage Company respectfully requests that the Court:

A.      Enter a declaration that Plaintiff is not entitled to rescind her mortgage loan with Ameriquest and that, alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B.      Award such additional relief as the Court may deem just and proper.

- 8 -

AMERIQUEST MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP


/s/ Steven E. Snow
Steven E. Snow (BBO # 554167)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com

DATED:  May 30, 2007


## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of May, 2007, I electronically filed the foregoing ANSWER TO COMPLAINT AND COUNTERCLAIM with the Clerk of the United States District Court for the District of Massachusetts using the CM/ECF System.  The following participants have received notice electronically:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.


/s/ Steven E. Snow

920543_1/7511-68