IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**07 C 6239** **TLMS** **FILED**

**MAY 30, 2008**

MICHAEL W. DOBBINS
CLERK U.S. DISTRICT COURT

**JUDGE ASPEN**

| | | |
|---|---|---|
| MARION FITZSIMMONS | : | C.A. 07-06239 |
| Plaintiff, | : | |
| VS. | : | (Originally C.A. 06-12069 (RMA)) |
| | : | |
| AMERIQUEST MORTGAGE | : | Transferred to Judge Aspen for |
| COMPANY, AMC MORTGAGE | : | Pretrial Proceedings under MDL |
| SERVICES, INC., AMERIQUEST | : | # 1715, Lead Case C.A. 05-07097 |
| MORTGAGE SECURITIES, | : | |
| HOUSEHOLD FINANCE, | : | |
| and DOES 1-5 | : | |
| Defendants | : | |

## AMENDED COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the

Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve

Board Regulation Z, 12 C.F.R. part 226.23 and it's Massachusetts counterpart, Massachusetts

Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32 (hereinafter

"MCCDA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640

(TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337

(interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant

does business in this District.  Defendant is therefore deemed to reside in this District under 28

U.S.C. § 1391( c).

## PLAINTIFF

4.  Plaintiff Marion Fitzsimmons resides at 15 Lake Street, Leicester, MA 01524 with her

husband, George L. Fitzsimmons. They jointly own the property.

5.  On or about September 23, 2004 George L. Fitzsimmons obtained a loan from

Ameriquest, secured by his residence, for the purpose of debt consolidation.  All of the proceeds

of the loan were used for personal, family or household purposes.

6.  In connection with the transaction, Plaintiff Marion Fitzsimmons was not provided

any material disclosures, including but not limited to, the notice of right to cancel.

7.  On or about July 17, 2006  Plaintiff Fitzsimmons exercised her extended right to

rescind the loan for violations of TILA.  A notice of rescission was sent to Ameriquest.  A Copy

of the notice is attached as Exhibit 1.

8.  Ameriquest has acknowledged receipt of the notice of rescission but refused to honor

the request alleging that Plaintiffs received accurate disclosures under the TILA.

## DEFENDANTS

9.  Defendant Ameriquest is a National corporation with its principle place of business at

1100 Town and Country Road, Suite 900, Orange, CA 92868.

10.  Ameriquest enters into more than 5 transactions per year in which credit is extended

that is secured by the principal residence of a consumer and is used for purposes other than the

initial acquisition or construction of the residence.

11. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

12. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

13. Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Massachusetts. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 303 Congress Street, 2nd Floor, Boston, MA 02110.

14. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

15. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Massachusetts. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including Plaintiff's. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

16. Defendant Household Finance is a foreign corporation which does business in Massachusetts. Its registered agent and office are C.T. Corporation System, 101 Federal Street, Boston, MA 02110. Upon information and belief, it is the beneficial legal holder and assignee of some loans originated by Ameriquest Mortgage Company, including Plaintiff Fitzsimmons. It is joined as a necessary party.

## COUNT I - TRUTH IN LENDING ACT/ MCCDA

17. Plaintiffs incorporate ¶¶ 1-16 as if fully set out herein.

18. Because the refinance transaction referenced herein was secured by the Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterpart.  More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.**  (15 U.S.C. § 1635(a).)

19. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.  More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
> **(v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)**

4

Emphasis added

20.  In connection with the referenced loan, the Defendant Ameriquest failed to deliver to the Plaintiff material disclosures, including but not limited to, her own "two copies" of a document that "clearly and conspicuously disclose" her rescission rights, in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23 and it's Massachusetts counterpart.

21.  15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission. Mass .G.L. ch. 140D § 10(g) is identical except for citation.

22.  The failure of the Defendants to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory damages.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. A declaration that Plaintiff is entitled to rescind;

2. Rescission of the loan;

3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre
CLAUDE LEFEBVRE
CHRISTOPHER LEFEBVRE, P.C.
Two Dexter Street
P.O. Box 479
Pawtucket, RI  02862

(401) 728-6060
(401) 728-6534 (FAX)
chris@lefebvrelaw.com

**JURY DEMAND**

Plaintiff demands trial by jury

/s/Christopher M. Lefevbre

# EXHIBIT   1

FROM THE OFFICE OF THE

# FAMILY AND CONSUMER LAW CENTER

WWW.RICONSUMERLAW.COM

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

ATTORNEYS & COUNSELORS AT LAW

July 17, 2006

Ameriquest Mortgage Company
1600 S. Douglas Road
Anaheim, CA 92806

**Re: Notice of Rescission by Marion Fitzsimmons of 15 Lake Street, Leicester, MA 01524, Loan Number: 0093167922, Closing Date: 09/23/2004**

To Whom It May Concern:

I represent Marion Fitzsimmons concerning the mortgage loan transaction she and her husband entered into with Ameriquest Mortgage Company on September 23, 2004. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Marion Fitzsimmons was not given any material disclosures related to the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by Ameriquest Mortgage Company on the Fitzsimmons' property located at 15 Lake Street, Leicester, MA is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Marion Fitzsimmons ,
By her Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

**CERTIFIED MAIL-RETURN
RECEIPT REQUESTED**

cc: Marion Fitzsimmons

*TWO DEXTER STREET, P.O. BOX 479    PAWTUCKET, RI 02862    PHONE: (401) 728-6060    FAX: (401) 728-6534*